UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| STANLEY MARKS<br>   *Plaintiff*, | § § § | |
| v. | § § | CIVIL ACTION NO. 4:21-CV-1159 |
| U.S. LAW SHIELD, LLC a/k/a TEXAS LAW SHIELD, LLC a/k/a and/or d/b/a U.S. LAW SHIELD OF COLORADO, LLC<br>   *Defendant*. | § § § § § | |

**DEFENDANT'S FIRST AMENDED ANSWER
TO PLAINTIFF'S ORIGINAL COMPLAINT**

Defendant U.S. Law Shield, LLC a/k/a Texas Law Shield, LLC a/k/a and/or d/b/a U.S. Law Shield of Colorado, LLC ("Defendant") files this Answer to Plaintiff Stanley Marks' Complaint and states the following:

## I. INTRODUCTION

1. Defendant admits that Plaintiff purports to bring a civil lawsuit for damages in its complaint but denies the lawsuit has any merit.

2. Defendant denies.

3. Defendant admits that Plaintiff purports to bring breach of contract and civil conspiracy claims but denies that they have any merit.

4. Defendant denies.

## II. PARTIES

5. Defendant lacks the knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 5, and therefore denies the same.

6. Defendant admits.

### III. JURISDICTION AND VENUE

7. Defendant lacks the knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 7, and therefore denies the same.

8. Defendant admits it is subject to jurisdiction in Texas.

9. Defendant admits venue is proper here.

10. Defendant denies.

11. Defendant admits that an agreement between Stanley Marks, Douglas I. Richards, and Defendant provides that "Any legal action by either party shall be commenced in the courts of Harris County, Texas."

### IV. FACTUAL BACKGROUND

12. Defendant lacks the knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 12, and therefore denies the same.

13. Defendant lacks the knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 13, and therefore denies the same.

14. Defendant admits.

15. Defendant admits.

16. Defendant admits that Plaintiff purports to sue Defendant based on an agreement between Stanley Marks, Douglas I. Richards, and Defendant but denies the merits of the claims.

17. Defendant admits.

18. Defendant admits the first and the third sentences of Paragraph 18. Defendant admits that the compensation schemes for program attorneys contracted by Defendant in different geographic areas vary. Defendant denies the remainder of Paragraph 18.

19. Defendant admits that it entered an agreement with Stanley Marks and Douglas I. Richards in 2013 (the "2013 Agreement").

20. Defendant admits that Stanley Marks and Douglas I. Richards signed the 2013 Agreement, and Defendant is unable to locate information sufficient to determine whether Defendant also signed the 2013 Agreement. Defendant admits the last sentence of Paragraph 20.

21. Defendant denies.

22. Defendant admits.

23. Defendant denies.

24. Defendant admits that the document referenced in Paragraph 24 is titled "Program Attorney Agreement of U.S. Law Shield of Colorado, LLC." Defendant denies the remainder of the Paragraph.

25. Defendant admits that Paragraph 25 purports to quote language from the alleged 2016 Agreement. Defendant denies the remainder of the Paragraph.

26. Defendant admits the that the first two sentences of Paragraph 26 reflect the payment structure contained in the alleged 2016 Agreement. Defendant denies any allegations that it was obligated to perform under the alleged 2016 Agreement or that it has failed to perform its obligations.

27. Defendant lacks the knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 27, and therefore denies the same.

28. Defendant denies that it was obligated to operate pursuant to the alleged 2016 Agreement. Defendant denies that the alleged 2016 Agreement was valid and enforceable because it was not signed by each alleged party to the Agreement and the 2013 Agreement, which the alleged 2016 Agreement purports to modify or replace, had a merger clause that required

modification to be a signed writing by all parties. Defendant lacks the knowledge or information sufficient to form a belief about the truth of the remainder of the allegations in Paragraph 28, and therefore denies the same.

29. Defendant denies.

30. Defendant admits.

31. Defendant denies that the alleged 2016 Agreement was valid and enforceable and therefore, Defendant could not have terminated the alleged 2016 Agreement. Defendant denies the remainder of the allegations in Paragraph 31.

32. Defendant denies.

33. Defendant denies.

34. Defendant lacks the knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 34, and therefore denies the same.

35. Defendant admits.

36. Defendant denies that the alleged 2016 Agreement was valid and enforceable. Defendant denies the remainder of the allegations contained in Paragraph 36.

37. Defendant admits that Paragraph 37 purports to quote language from Section 5.5 of the alleged 2016 Agreement.

38. Defendant admits that Paragraph 38 purports to quote language from the alleged 2016 Agreement.

39. Defendant admits that Paragraph 39 purports to quote language from the alleged 2016 Agreement.

40. Defendant denies.

41. Defendant admits it has not made payments to Marks since May 2020. Defendant lacks the knowledge or information sufficient to form a belief about whether other entities have made payments to Marks since May 2020 and therefore denies the same.

42. Defendant denies.

43. Defendant denies.

## COUNT 1: BREACH OF CONTRACT

44. Defendant denies.

45. Defendant denies.

46. Defendant denies.

47. Defendant denies.

48. Defendant denies.

49. Defendant denies.

50. Defendant denies.

## COUNT 2: CIVIL CONSPIRACY

51. Defendant denies.

52. Defendant denies.

53. Defendant denies.

54. Defendant denies.

55. Defendant denies.

56. Defendant admits that this Paragraph 56 purports to list legal elements for civil conspiracy.

57. Defendant denies.

58. Defendant denies.

59. Defendant denies.

### COUNT 3: EXEMPLARY DAMAGES

60. Defendant denies.

61. Defendant denies.

62. Defendant denies.

### V. RESERVATION OF RIGHTS

63. Defendant denies.

### VI. JURY DEMAND

64. Defendant admits this paragraph purports to request a jury.

### VII. PRAYER FOR RELIEF – DAMAGES

[Un-numbered paragraph on p. 10] Defendant denies Plaintiff's entitlement to any of this relief.

### VIII. AFFIRMATIVE DEFENSES

65. Defendant asserts the following affirmative defenses, without assuming the burden of proof when such burden would otherwise be on Plaintiff. Defendant reserves the right to amend its defenses as additional information becomes available.

66. Defendant asserts Plaintiff's failure to perform.

67. Defendant asserts Plaintiff's prior material breach.

68. Defendant asserts that Plaintiff waived any applicable notice provision.

69. Defendant asserts substantial compliance.

70. Defendant asserts that Plaintiff's claims are barred by estoppel or waiver.

71. Defendant asserts the right of offset for damages caused by Plaintiff's prior material breaches.

72. Defendant asserts that Plaintiff's claims are barred by parol evidence and/or statute of frauds.

73. Defendant asserts that the contract upon which Plaintiff has sued (the alleged 2016 Agreement) is not valid and enforceable because it is not signed by all purported parties, including Defendant.

74. Defendant asserts that contract sued upon which Plaintiff has sued (the alleged 2016 Agreement) is not valid and enforceable because of contractual limitations, exclusions, and merger clauses contained in the 2013 Agreement.

## IX. PRAYER

75. Defendant's requests the court to issue a take-nothing judgment against Plaintiff on all of Plaintiff's claims, and that Plaintiff pays court costs, attorneys' fees and award Defendant's all other legal or equitable relief to which it is entitled.

Respectfully submitted,

AHMAD, ZAVITSANOS, ANAIPAKOS, ALAVI & MENSING PC

*/s/ P. Kevin Leyendecker*
P. Kevin Leyendecker
State Bar No. 00784472
S.D. Tx Federal I.D. No. 28415
Kyle Poelker
State Bar No. 24109339
S.D. Tx Federal I.D. No. 24109339
1221 McKinney Street, Suite 2500
Houston, Texas 77010
Tel.: (713) 655-1101
Fax: (713) 655-0062
kleyendecker@azalaw.com
kpoelker@azalaw.com

# **CERTIFICATE OF SERVICE**

I certify that a true and correct copy was served electronically on all counsel of record on October 29, 2021.

> Simon B. Purnell
> simon@griffinpurnell.com
> Daniel R. Griffin
> dan@griffinpurnell.com
> Charles E. Hardy, Jr.
> chase@griffinpurnell.com
> **GRIFFIN PURNELL, LLC**
> 615 N. Upper Broadway, Suite 900
> Corpus Christi, TX 78401

*/s/ P. Kevin Leyendecker*
P. Kevin Leyendecker